IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAHMOOD SALIM AL-MOHAMMED, *et al.*,<br>　　　Petitioners,<br><br>　　v.<br><br>GEORGE W. BUSH,<br>　President of the United States, *et al.*,<br>　　　Respondents. | Civil Action No. 05-0247 (HHK) |
| SHERIF EL-MASHAD, *et al.*<br>　　　Petitioners,<br><br>　　v.<br><br>GEORGE W. BUSH,<br>　President of the United States, *et al.*,<br>　　　Respondents. | Civil Action No. 05-0270 (JR) |
| MOHAMMAD AL-ADAHI, *et al.*<br>　　　Petitioners,<br><br>　　v.<br><br>GEORGE W. BUSH,<br>　President of the United States, *et al.*,<br>　　　Respondents. | Civil Action No. 05-0280 (GK) |

| | )| |
|---|---|---|
| MAJID ABDULLA AL JOUDI, *et al.* | )<br>)<br>) | |
| Petitioners, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 05-0301 (GK) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | )<br>)<br>)<br>)<br>) | |
| Respondents. | )<br>) | |
| AHMED ABDULLAH AL WAZAN, *et al.* | )<br>)<br>) | |
| Petitioners, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 05-0329 (PLF) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | )<br>)<br>)<br>)<br>) | |
| Respondents. | )<br>) | |
| ABDULLAH THANI FARIS<br>AL-ANAZI, *et al.*<br>Petitioners, | )<br>)<br>)<br>)<br>) | |
| v. | )<br>) | Civil Action No. 05-0345 (JDB) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | )<br>)<br>)<br>)<br>) | |
| Respondents. | )<br>) | |

| | |
|---|---|
| RAFIQ BIN BASHIR BIN JALLUL ALHAMI, *et al.* | )<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-0359 (GK) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | )<br>)<br>)<br>) |
| Respondents. | )<br>) |

| | |
|---|---|
| JAMAL AMEZIANE, *et al.* | )<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-0392 (ESH) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | )<br>)<br>)<br>) |
| Respondents. | )<br>) |

| | |
|---|---|
| AYMEN SAEED BATARFI, *et al.* | )<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-0409 (EGS) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | )<br>)<br>)<br>) |
| Respondents. | )<br>) |

| | |
|---|---|
| HISHAM SLITI, *et al.* ) | |
|     Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-0429 (RJL) |
| ) | |
| GEORGE W. BUSH, ) | |
|     President of the United States, ) | |
|     *et al.,* ) | |
| ) | |
|     Respondents. ) | |
| | |
| M.C, *et al.* ) | |
|     Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-0430 (ESH) |
| ) | |
| GEORGE W. BUSH, ) | |
|     President of the United States, ) | |
|     *et al.,* ) | |
| ) | |
|     Respondents. ) | |
| | |
| USAMA HASAN ABU KABIR, *et al.* ) | |
|     Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-0431 (RJL) |
| ) | |
| GEORGE W. BUSH, ) | |
|     President of the United States, ) | |
|     *et al.,* ) | |
| ) | |
|     Respondents. ) | |

| | |
|---|---|
| RASHID ABDUL MOSLEH QAYED, *et al.* | |
| Petitioners, | |
| v. | Civil Action No. 05-0454 (RMU) |
| GEORGE W. BUSH, President of the United States, *et al.*, | |
| Respondents. | |
| ABDUL-SALAM GAITHAN MUREEF AL-SHIHRY, *et al.* | |
| Petitioners, | |
| v. | Civil Action No. 05-0490 (CKK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | |
| Respondents. | |
| AHAMED ABDUL AZIZ, *et al.* | |
| Petitioners, | |
| v. | Civil Action No. 05-0492 (EGS) |
| GEORGE W. BUSH, President of the United States, *et al.*, | |
| Respondents. | |

|                                           |   |                              |
|-------------------------------------------|---|------------------------------|
| ABU BAKKER QASSIM, *et al.*               | ) |                              |
|      Petitioners,| ) |                              |
| v.                                        | ) | Civil Action No. 05-0497 (JR)|
| GEORGE W. BUSH,                           | ) |                              |
|   President of the United States, *et al.*, | ) |                  |
|      Respondents.| ) |                              |

# RESPONDENTS' MOTION TO STAY PROCEEDINGS
# PENDING RELATED APPEALS AND FOR CONTINUED COORDINATION

For the reasons explained below, respondents move to stay proceedings in the above-captioned cases pending resolution of all appeals in *In re Guantanamo Detainee Cases,* No. 02-CV-0299, *et al.*, 2005 WL 195356 (D.D.C. Jan. 31, 2005), and *Khalid et al. v. Bush*, No. 04-CV-1142 (RJL), 2005 WL 100924 (D.D.C. Jan. 19, 2005). The pending appeals will address the core issues in the above-captioned cases and, thus, determine how the cases should proceed, if at all. It makes no sense for the cases to proceed prior to resolution of the appeals; further proceedings would require the expenditure of significant judicial and other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in these Guantanamo detainee cases.

In seeking a stay, however, respondents do not intend thereby to block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access.

Counsel for respondents has conferred with counsel for petitioners regarding this motion, and counsel for petitioners, with one exception,[1] oppose any stay of proceedings. Counsel positions regarding entry of the protective order are discussed *infra* note 8.

---

[1] Counsel in *Ameziane*, No. 05-CV-0392 (ESH), agreed to a stay subject to certain conditions that would be best explained by counsel in that case to avoid any inadvertent mischaracterization of those conditions.

## BACKGROUND

The above-captioned cases are the latest round of habeas petitions filed on behalf of aliens detained by the Department of Defense ("DoD") at the United States Naval Base at Guantanamo Bay, Cuba. Within just a few weeks after the Supreme Court's decision in *Rasul v. Bush*, ___ U.S. ___, 124 S. Ct. 2686 (2004), which held that aliens apprehended abroad and detained at Guantanamo as enemy combatants can invoke the habeas jurisdiction of a district court under 28 U.S.C. § 2241, there were pending in this Court eleven habeas lawsuits on behalf of more than 60 Guantanamo detainees. Given the common issues involved in the Guantanamo detainee cases, the situation led this Court to issue, on or about September 14, 2004, a Resolution of the Executive Session, providing that the Guantanamo detainee cases and any similar cases filed in the future were to be transferred to Senior Judge Joyce Hens Green for coordination and management, with the transferring judges retaining the cases for all other purposes. Under the Resolution, Judge Green was to decide any common procedural and substantive issues with the consent of the transferring judge(s).

Pursuant to her charge, Judge Green established a schedule for the filing by respondents of returns indicating the factual bases for the detention of each petitioner and also scheduled briefing on the legal issues pertaining to the petitions, *i.e.*, on respondents' motion to dismiss or for judgment as a matter of law. Judge Green also entered a protective order applicable to the cases, which included procedures for counsel access to detainees, taking into account the potentially classified nature of much of the information held by or pertaining to the detainees. *See* November 8, 2004 Amended Protective Order and Procedures for Counsel Access to

Detainees at the United States Naval Base in Guantanamo Bay, Cuba, 344 F. Supp. 2d 174 (D.D.C. 2004).

On January 19, 2005, Judge Leon granted respondents' motion to dismiss or for judgment in its entirety, concluding that constitutional protections do not extend to aliens outside sovereign United States territory, such as petitioners, and that petitioners also have no viable claims under U.S. statutory law or international law or treaties. *See Khalid v. Bush*, No. 04-CV-1142 (RJL), *Boumediene v. Bush*, No. 04-CV-1166 (RJL), 2005 WL 100924 (D.D.C. Jan. 19, 2005). The *Khalid* and *Boumediene* cases are currently on appeal to the D.C. Circuit. *See* No. 05-5062 (D.C. Cir.).

On January 31, 2005, Judge Green entered an order (and memorandum opinion) in eleven other of the pending Guantanamo Bay detainee cases[2] denying in part and granting in part respondents' motion to dismiss or for judgment as a matter of law. *See* Memorandum Opinion Denying in Part and Granting in Part Respondents' Motion to Dismiss or for Judgment as a Matter of Law, No. 02-CV-0299, *et al.*, 2005 WL 195356 (D.D.C. Jan. 31, 2005). Contrary to the prior decision of Judge Leon, Judge Green, *inter alia*, determined that constitutional "due process" protections apply to aliens detained at Guantanamo Bay and that the Combatant Status Review Tribunal proceedings the military has used to confirm detainees' status as enemy combatants do not satisfy these due process requirements. *Id.* at *8-*31. Further, in her

---

[2] *Hicks v. Bush*, No. 02-CV-0299 (CKK); *Al Odah v. United States*, No. 02-CV-0828 (CKK); *Habib v. Bush*, No. 02-CV-1130 (CKK); *Kurnaz v. Bush*, No. 04-CV-1135 (ESH); *O.K.v. Bush*, No. 04-CV-1136 (JDB); *Begg v. Bush*, No. 04-CV-1137 (RMC); *El-Banna v. Bush*, No. 04-CV-1144 (RWR); *Gherebi v. Bush*, No. 04-CV-1164 (RBW); *Anam v. Bush*, No. 04-CV-1194 (HHK); *Almurbati v. Bush*, No. 04-CV-1227 (RBW); and *Abdah v. Bush*, No. 04-CV-1254 (HHK).

decision, Judge Green agreed with the decision of Judge Robertson in *Hamdan v. Rumsfeld*, 344 F. Supp. 2d 152, 165 (D.D.C. 2004), *on appeal*, No. 04-5393 (D.C. Cir.), and concluded that the Third Geneva Convention is "self-executing" and can provide petitioners with a claim in a habeas action. 2005 WL 195356 at *31-*33. Judge Green, however, dismissed petitioners' remaining constitutional, statutory, international law, and treaty claims. *Id*. at *33-*34.

Judge Green noted that her January 31, 2005 decision on respondents' motion to dismiss or for judgment "technically applie[d] only to the eleven cases contained in the [opinion's] caption," but the Court nevertheless acknowledged that the opinion "addresse[d] issues common" to eight other Guantanamo Bay detainee cases that had been filed during or after the briefing and oral argument that resulted in the Court's opinion.[3] *See id*. at *7 & n.15.

On February 3, 2005, respondents filed a motion seeking certification of the January 31, 2005 order for interlocutory appeal and filed a motion to stay all the Guantanamo Bay detainee cases pending at that time, consistent with the need for these cases to proceed in a coordinated fashion. Thus, the motion was filed as a motion for certification of order for interlocutory appeal and for a stay in the eleven cases in which the January 31, 2005 order was entered, and was filed by respondents solely as a motion to stay in the other then-pending cases. Judge Green certified her January 31, 2005 decision on respondents' motion to dismiss or for judgment for appeal and stayed proceedings in the eleven cases in which the January 31, 2005 order was entered, "for all purposes pending resolution of all appeals." Judge Green left the decision whether to stay cases

---

[3] *See Belmar v. Bush*, No. 04-CV-1897 (RMC); *Al-Qosi v. Bush*, No. 04-CV-1937 (PLF); *Paracha v. Bush*, No. 04-CV-2022 (PLF); *Al-Marri v. Bush*, No. 04-CV-2035 (GK); *Zemiri v. Bush*, No. 04-CV-2046 (CKK); *Deghayes v. Bush*, No. 04-CV-2215 (RMC); *Mustapha v. Bush*, No. 05-CV-22 (JR); *Abdullah v. Bush*, No. 05-CV-23 (RWR).

other than the eleven to the individual judges in those cases. *See* Order Granting in Part and Denying in Part Respondents' Motion for Certification of Jan. 31, 2005 Orders and for Stay (Feb. 3, 2005) (Green, J.).

Various petitioners in the eleven cases sought reconsideration of Judge Green's stay order, arguing that the Court should permit factual development and proceedings regarding detainee living conditions to go forward. *See*, *e.g.*, Petrs' Motion for Reconsideration of Order Granting Stay Pending Appeal at 9-10 (dkt. no. 203 in *Al Odah*, No. 02-CV-0828 (CKK)). Judge Green, however, denied the motion for reconsideration

> in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward, and . . . [in] recognition that a reversal of the Court's January 31, 2005 rulings would avoid the expenditure of such resources and incurrence of such burdens . . . .

*See In re Guantanamo Detainee Cases* (Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal), No. 02-CV-0299, *et al.*, 2005 WL 326862 (D.D.C. Feb. 8, 2005) (Green, J.).

On February 9, 2005, pursuant to Judge Green's certification, respondents filed a petition for interlocutory appeal of the January 31, 2005 decision with the D.C. Circuit, *see* 28 U.S.C. § 1292(b), and requested that the appeal proceed on an expedited basis. Further, petitioners in the eleven cases subject to Judge Green's decision filed a cross-petition for interlocutory appeal with the D.C. Circuit and petitioners in *Al-Odah*, No. 02-CV-0828 (CKK), appealed Judge Green's stay order. In addition, as noted above, petitioners in *Khalid*, No. 04-CV-1142 (RJL), and *Boumediene*, No. 04-CV-1166 (RJL), appealed Judge Leon's decision. On March 10, 2005, the D.C. Circuit accepted the interlocutory appeal and established a briefing schedule for the appeal that concludes at the end of June 2005. The Court also established a briefing schedule in

*Khalid* and *Boumediene* that also runs through June 2005. The *Hamdan* case, as noted above, is already on appeal to the D.C. Circuit, and oral argument in that case is currently scheduled for April 7, 2005.

In light of these pending appeals, several of the cases pending at the time of Judge Green's decision, but that Judge Green did not stay, have been stayed pending appeal. *See Mustapha*, No. 05-CV-22 (JR) (dkt no. 7); *Deghayes*, No. 04-CV-2215 (RMC) (dkt. no. 7); *Al Marri*, No. 04-CV-2035 (GK) (dkt. no. 26). As Judge Kessler stated in her stay order in *Al Marri*,

> The opinions resolving Judge Leon's and Judge Green's cases encompass and discuss many of the precise issues raised in Respondents' Motion [to Stay]. Thus, until the Court of Appeals addresses these issues, the law in this Circuit is unsettled, since Judge Green and Judge Leon reached different conclusions about many of the issues before them. Requiring this case to proceed before appellate resolution of those cases therefore would involve an unnecessary expenditure of judicial resources.

Since February 3, 2005 – the date respondents moved to stay all the Guantanamo Bay detainee cases pending at that time – the above-captioned, individual habeas petitions, involving more than fifty Guantanamo detainees, have been filed. In some of the cases, petitioners have filed motions seeking immediate returns to the petitions by respondents. Prior to a response from respondents, orders were entered in several of the cases setting a schedule for respondents to show cause why a writ should not be granted with respect to 13 individual petitioners in the next few weeks. *See Al Adahi*, No. 05-CV-0280 (GK) (minute order of March 9, 2005) (setting show cause for March 28, 2005); *Al Joudi*, No. 05-CV-0301 (GK) (dkt. no. 9) (same); *Alhami*, No. 05-CV-0359 (GK) (dkt. no. 4) (same); *Ameziane*, No. 05-CV-0392 (ESH) (dkt. no. 5) (setting show cause for April 1, 2005); *Batarfi*, No. 05-CV-0409 (EGS) (dkt. no. 5) (setting show cause for

March 18, 2005); *M.C.*, No. 05-CV00430 (ESH) (dkt. no. 4) (setting show cause for April 1, 2005). Other motions filed include those seeking to prevent, either outright or in the absence of advance notice, any transfer of a petitioner from Guantanamo to another country. *See El Mashad*, No. 05-CV-0270 (JR) (dkt. no. 3); *Al Adahi*, No. 05-CV-0280 (GK) (dkt. no. 5). Also, in several cases (and as further explained *infra* note 8), motions have been filed regarding application of the November 8, 2005 Amended Protective Order to the cases.[4] *See Al Adahi*, No. 05-CV-0280 (GK) (dkt. no. 5); *Al Wazen,* No. 05-CV-0329 (PLF) (dkt. no. 8); *Ameziane*, No. 05-CV-0392 (ESH) (dkt. no. 3); *Kabir*, No. 05-CV-0431 (RJL) (dkt. no. 4); *M.C.*, No. 05-CV-0430 (ESH) (dkt. no. 3).

For the reasons explained below, the proceedings in these cases should be stayed pending resolution of all appeals.

## ARGUMENT

### I. The Court Should Grant a Stay of the Above-captioned Guantanamo Bay Detainee Cases Pending Resolution of the Pending Appeals.

In light of the extraordinary issues presented in these cases that must be resolved on appeal, respondents seek a stay of the above-captioned cases, which all present issues, indeed core claims, that are directly raised in, or will be affected by decisions in, the appeals in *In re Guantanamo Detainee Cases*, *Khalid, Boumediene*, and *Hamdan*. The outcome of the appeals will determine how all of the Guantanamo detainee cases should proceed, if at all. In light of this fact, these cases should not go forward prior to obtaining such guidance from the D.C. Circuit through the resolution of the appeals.

---

[4] These motions are in addition to a number of other motions that have been filed in the eleven cases controlled by Judge Green's January 31, 2005 order, despite the stay in those cases.

The petitions in all the above-captioned cases raise legal issues that were squarely addressed by the opinions in *In re Guantanamo Detainee Cases*, *Khalid, Boumediene*, and *Hamdan* and that are raised in the appeals, including: (1) whether the petitioners have stated valid claims under the Fifth Amendment to the United States Constitution and, if so, whether the procedures implemented by respondents to determine the status of petitioners violate their Fifth Amendment rights; (2) whether the petitioners have stated valid claims under the Third Geneva Convention; and (3) whether the petitioners have stated valid claims based on various other legal theories, including other Constitutional provisions, other international treaties, Army Regulation 190-8, the Alien Tort Statute, the Administrative Procedure Act, and customary international law. It makes no sense for proceedings related to the merits of these cases, such as responses to orders to show cause regarding the issuance of habeas writs, to go forward when decisions from the D.C. Circuit on the related Guantanamo detainee appeals, which are proceeding in an expedited fashion, will determine the legal analyses applicable to the cases and, indeed, whether and how these cases should proceed.

Also, as Judge Green recognized, further proceedings consistent with her January 31, 2005 rulings, including, in the view of petitioners in those cases, extensive discovery and factual development, promise to impose "significant burdens" that may be avoided, depending on the outcome of the appeals. *See In re Guantanamo Detainee Cases* (Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal), No. 02-CV-0299, *et al.*, 2005 WL 326862 (D.D.C. Feb. 8, 2005) (Green, J.). And as Judge Kessler concluded, "the law in this Circuit is [currently] unsettled," given the contrary decisions of Judges Green and Leon. *Al Marri*, No. 04-CV-2035 (GK) (dkt. no. 26). Requiring these cases to proceed before resolution

of the appeals "would involve an unnecessary expenditure of judicial resources." *Id.*  Indeed, any proceedings that are permitted to go forward very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in these Guantanamo detainee cases.

For these reasons, the cases should be stayed pending guidance from the D.C. Circuit, through the various appeals, regarding the issues in these cases, including whether and how to proceed.[5]

## II. Respondents Do Not Object to Entry of the *In re Guantanamo Detainee Cases* Protective Order to Facilitate Counsel Access to Petitioner-Detainees.

In seeking a stay in these cases, respondents do not intend thereby to block access of petitioners' counsel to properly represented detainees pending the appeals.  Thus, respondents do not object[6] to entry of the Court's November 8, 2004 Amended Protective Order and Procedures for Counsel Access To Detainees at the United States Naval Base In Guantanamo Bay, Cuba, *see In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004) ("Protective Order"), attached as Exhibit A, in these cases.[7]  Entry of the Protective Order would permit counsel, upon

---

[5] The Court presumably would retain discretion to modify a stay of proceedings in any particular case should circumstances arise truly warranting a lifting of the stay.  With respect to the pending motions to prevent, either outright or in the absence of advance notice, any transfer of a petitioner from Guantanamo to another country, *see supra* at 7, respondents have opposed those motions, demonstrating that they are meritless and must be rejected due to, *inter alia*, separation-of-powers concerns.  Thus, the pendency of such motions do not militate against a stay of proceedings in the cases in which the motions have been filed.

[6] Respondents' lack of objection to entry of the Protective Order, however, is without prejudice to their right to challenge any particular terms of the Protective Order in any future proceedings as appropriate.

[7] If the Court enters the Protective Order in these cases, the Court should also enter the
(continued...)

compliance with the Protective Order, opportunities to visit and exchange legal mail with petitioners at Guantanamo Bay during the pendency of the appeals.[8]  *See id*. Exhibit A (Revised Procedures For Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba).

As noted *supra*, petitioners' counsel in several of the cases have moved to require respondents to show cause why habeas writs should not issue; petitioners' counsel in all of the cases doubtless expect the government to file factual returns[9] with respect to the all of the petitioners in these cases.  As explained *supra* § I, however, it makes no sense to go forward with respect to the merits of these cases when the D.C. Circuit will be considering the proper scope of

---

[7](...continued)
Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, in the *In re Guantanamo Bay Detainee Cases*.  *See* Exhibit B.  This order clarified and addressed certain issues related to procedures for filing materials subject to the Protective Order.  An additional, related order required that "protected information" under the Protective Order be treated as "protected" pending further order of the Court.  *See infra* note 10.

[8] Motions for entry of the Protective Order and associated orders have been filed in *Al-Adahi*, No. 05-CV-0280 (GK); *Al Wazan*, No. 05-CV-0329 (PLF); *M.C.*, No. 05-CV-0430 (ESH) (motion granted by minute order dated March 10, 2005); and *Kabir*, No. 05-CV-0431 (RJL).  Petitioner in *Ameziane*, No. 05-CV-0392 (ESH), has moved for entry of the orders in that case, except that petitioner opposes entry of the order requiring that "protected information" be treated as "protected" pending further order of the Court.  *See infra* note 10.  In addition, in consulting on the instant motion, counsel in *Batarfi*, No. 05-CV-0409 (EGS), has stated that they agree to entry of the Protective Order and associated orders, while counsel in *El Mashad*, No. 05-CV-0270 (JR); *Al-Shihry*, No. 05-CV-0490 (CKK); and *Qassim*, No. 05-CV-0497 (JR), agree to entry of the Protective Order only and not to any supplemental or associated order.  The various positions of the petitioners' counsel only serves to highlight the need for coordinated treatment of this issue so as to avoid potentially inconsistent protective order regimes being applicable to cases involving the same issues and claims.

[9] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention.  The factual return is separate from briefing on legal issues in the cases.  Factual returns include both classified and unclassified material.

- 10 -

these habeas proceedings, including whether the claims of petitioners can be dismissed without reference to specific factual returns for petitioners. *See Khalid et al. v. Bush*, No. 04-CV-1142 (RJL), 2005 WL 100924 (D.D.C. Jan. 19, 2005) (dismissing petitioners' claims in their entirety).

Access to factual returns during the appeals is not necessary. Counsel, upon entry of and compliance with the Protective Order, will be able to meet and correspond with petitioners in a privileged manner at Guantanamo Bay on appropriate matters related to their cases. *See* Protective Order Exhibit A (Revised Procedures For Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba). And even if counsel had access to factual returns, they would not be able to share classified information in the returns with petitioners. *See* Protective Order ¶ 30. On the other hand, the submission of factual returns would impose significant burdens and potential risks on the government. Indeed, the filing of factual returns present a formidable task. This current wave of cases involves more than fifty petitioner-detainees. The returns for the individual petitioners must be identified and obtained from DoD, and then agencies providing source information used by DoD in the returns must review each factual return, including classified information contained therein, to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations, and Executive Orders. Each return can range from dozens to hundreds of pages, depending upon the circumstances. Thus, respondents face an immense logistical burden to process and file the returns, especially on the short, simultaneous schedules being requested by petitioners in the various cases. Furthermore, the submission of factual returns will at least double the number of counsel and other individuals with access to classified information contained in the returns, thereby increasing the risks of inadvertent or other disclosure or compromise of the information.

These burdens and risks, however, could be rendered completely unnecessary, depending on the outcome of the appeals. *Cf. In re Guantanamo Detainee Cases* (Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal), No. 02-CV-0299, *et al.*, 2005 WL 326862 (D.D.C. Feb. 8, 2005) (Green, J.) (staying cases so as to avoid expenditure of "substantial resources" and imposition of "significant burdens" that might not be necessary depending on outcome of appeal).

Accordingly, respondents should not have to submit factual returns pending resolution of the appeals; rather, the cases should be stayed except with respect to entry of the Protective Order.[10]

---

[10] If the submission of factual returns were to go forward, it could only be done pursuant to a coordinated and reasonable schedule, given the severe logistical burdens posed by the undertaking. Though the submission of factual returns should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary; for example, a schedule for the rolling production of factual returns over anything less than the next 10 to 12 weeks would be unreasonable. A more burdensome schedule would also be unnecessary, given that a stay of proceedings is appropriate and that it will take weeks for petitioners' counsel to obtain the security clearances necessary for counsel to have access to the classified factual returns under the Protective Order. Security clearances are processed by agencies outside the control of DoD, and, interim security clearances typically have taken four to eight weeks from the submission by counsel of the appropriate application, depending on any specific security issues that may arise in the clearance background investigation. It is expected that security clearance applications will be submitted by counsel, and will be processed, on a rolling basis over the coming weeks.

In addition, any filing of factual returns should be accompanied by an order consistent with Judge Green's November 10, 2004 Order in the other coordinated cases, requiring that petitioners' counsel treat information in the factual returns designated as "protected information" as "protected information" under the Protective Order, unless and until the Court orders that the information should not be designated as "protected." *See* Order Addressing Designation Procedures for "Protected Information" (Nov. 10, 2004) (Green, J.) (attached as Exhibit C). Virtually every factual return filed in Guantanamo detainee cases to date has involved so-called "protected information" under the Protective Order. Such information is typically sensitive law enforcement information or personal identifying information, that, while not classified, the disclosure of which requires protective handling as provided in the Protective Order so as to

(continued...)

## CONCLUSION

For these reasons, the Court should stay further proceedings in these cases, except as noted above, pending resolution of the appeals of Judge Green's January 31, 2005 decision in *In re Guantanamo Detainee Cases* and Judge Leon's decision in *Khalid* and *Boumediene*.

Dated: March 10, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

BRIAN D. BOYLE
Principal Deputy Associate Attorney General

DAVID B. SALMONS
Assistant to the Solicitor General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

---

[10](...continued)
prevent damage to law enforcement interests and potential compromise of the safety of individuals. Under the Protective Order, the Court must approve the designation of information as "protected." In order to facilitate the disclosure of such information to petitioners' counsel pending Court approval of such designation, Judge Green, in her November 10, 2004 order, required petitioners' counsel to treat the designated information as "protected" under the Protective Order pending further Court order. (Judge Green ultimately approved the designation of this type of information as "protected." *See* Order Granting November 8, 2004 Motion to Designate "Protected Information" (Jan. 31, 2005).) Likewise, this Court should also require petitioners' counsel to treat information designated as "protected" as "protected information" under the Protective Order pending further Court order to the extent factual returns are submitted in these cases. The existence of such "protected information" in the returns, however, is yet another reason counseling against the filing of factual returns pending resolution of the ongoing appeals.

    */s/* Terry M. Henry
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
LISA A. OLSON
JAMES J. SCHWARTZ
PREEYA M. NORONHA
NICHOLAS PATTERSON
ROBERT J. KATERBERG
ANDREW I. WARDEN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents