# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| ABU BAKKER QASSIM and A'DEL ABDU AL-HAKIM, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> GEORGE W. BUSH, *et al*., <br><br> Respondents/Defendants. | Case No. 1:05cv0497 (JR) |

**REQUEST OF ABU BAKKER QASSIM AND A'DEL ABDU AL-HAKIM FOR (i) RULE 16 CONFERENCE, (ii) PROTECTIVE ORDER PROTECTING LEGITIMATE SECURITY CONCERNS OF RESPONDENTS, (iii) PROMPT RETURN, AND (iv) OTHER PROCEDURAL RELIEF**

Pursuant to Fed. R. Civ. P. 16(a) and LCvR 16.1, Petitioners Abu Bakker Qassim and A'Del Abdu Al-Hakim request a prompt Rule 16 conference, at which various pretrial issues may be addressed.[1] As grounds for this relief, Petitioners say:

1. The Petition was filed on March 10, 2005. Several significant procedural issues have arisen. We submit that a prompt Rule 16 conference[2] would be of assistance to the parties and the Court in resolving these procedural issues.

---

[1] Also pending in this action are the Government's motion to stay and the Petitioners' motion for preliminary injunction. We suggest that all matters be put on calendar at the Court's earliest opportunity.

[2] LCvR 16.3(b) makes clear that certain standard provisions of civil litigation, including initial disclosure and Rule 26(f) conferences do not apply in habeas corpus cases. There is nothing that precludes the Court from conducting a Rule 16 conference, however. Given the number of procedural issues that already surround this case, we submit that a rule 16 conference — or simply a scheduling conference to address procedural issues — would be an efficient way to address open matters.

**Respondents' Motion to Stay**

2. *Rasul v. Bush*, 124 S. Ct. 2686 (2004) involved Guantanamo detainees situated as are these Petitioners. The holding was plainly stated. "We therefore hold," the majority wrote, "that § 2241 confers *on the District Court jurisdiction to hear* petitioners' habeas corpus challenges." *Id*. at 2698 (emphasis added). The majority wrote that respondents would "make their response *to the merits* of petitioners' claims." 124 S. Ct. at 2699 (emphasis added). The Court then ordered that on remand, "the District Court [should] consider in the first instance *the merits* of petitioners' claims." *Id*. (emphasis added).

3. Equally plain is the text of the habeas corpus statute the *Rasul* Court directed the District Court to apply. "The writ, or order to show cause ... shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.[3]

4. We submit that these plain words mean that the Government must make return, and this Court must hear our Petition on the merits. There is no lawful basis for a stay, and a stay would contradict the Supreme Court's ruling.

5. We therefore submit that it would be helpful to take up the Government's motion for stay in connection with the other procedural issues discussed below.

**Returns**

6. Petitioners are detainees at Guantanamo Bay, Cuba.

7. Undersigned counsel have taken this matter without fee, and are not receiving compensation from any source. (We reserve the right to apply for reimbursement to the extent permissible and appropriate under operative U.S. law.).

---

[3] The Respondents in this case have filed a motion, and therefore appeared in the action.

8. Pursuant to 28 U.S.C. § 2243, the Government was obliged to make return on the Petition by March 15, 2005 (three days after Respondents appeared by means of filing a motion), a date which, in this Court's discretion, could be extended until April 1.

9. The question of returns is often taken up by order to show cause. We believe that it can also be addressed in a comprehensive scheduling order.

10. We submit that the Government should make such return by April 1. the respondents appeared in this Court on or about March 12, by moving for stay. Twenty days from March 12 is the limit provided by statute. For security reasons, we are willing that such return would be made first to the Court *in camera*, and disclosed to counsel when we have been cleared for security review. In their return, the Government should set out the factual grounds that the Government contends justifies the Petitioners' detention.

11. Under its motion to stay and through its recent interchanges with Counsel, the Government has made clear that it does not intend to make return. We request entry of an order requiring the Government to make return to the Court as set forth above.

**Protective Order**

12. At considerable expense, and with substantial judicial involvement, a form of protective order in similar habeas cases was negotiated and then approved by Judge Green. A copy of that order is attached hereto as <u>Exhibit 1</u>. We request that it be entered in this action without modification.

**Security Clearance**

13. The Government has advised that it will clear for security purposes only four persons at Bingham McCutchen. This is a severe hardship to Petitioners. To comply with the Government's security concerns, briefs can be written only at the Government's secure facility at

Crystal City. That means at least one of our four persons will be a Washington-based legal assistant, leaving us only three counsel. Because we have taken this matter on a *pro bono* basis, and counsel have other clients, from time to time various persons on the team will be unavailable.

14. We request that the Government promptly conduct its security clearance, and that it approve at least three more persons at Bingham McCutchen (two additional lawyers and a legal assistant in Boston), for a total of seven persons.

15. We wish to assure the Court and the Government that our firm takes with the utmost seriousness the importance of the Government's security concerns. All counsel and other cleared persons will faithfully and scrupulously observe their obligations.

**Other Relief**

16. At a conference, we would request that the matter be scheduled for hearing and that appropriate discovery deadlines be set, and we would seek to address questions concerning the rules of procedure and evidence that may be applicable at hearing, and other matters the Court deems appropriate.

**WHEREFORE**, Petitioners request that the Court:

A. Schedule, as promptly as practicable, a pretrial conference (if possible, together with the arguments on the pending motions);

B. Enter the protective order attached as Exhibit 1 hereto;

C. Order the Government to complete its security review of counsel expeditiously and in no event later than by April 20, 2005, and accept and process a total of seven requests for clearance by Bingham McCutchen;

D. Order the Government to make *in camera* return on the Petition on or before April 1, 2005, and make the return available to counsel pursuant to the Protective Order as and when counsel receive security clearance;

E. Enter a scheduling order with respect to discovery and trial;

F. Schedule such further conferences as may be necessary to address the rules of procedure and evidence that the Court will apply at trial; and

G. Grant to Petitioners such other and further relief as may be just and proper.

Dated:   March 16, 2005                              /s/
                                                    _____
                                                    Sabin Willett
                                                    Neil McGaraghan
                                                    Jason S. Pinney
                                                    Daniel Hunter Kiel
                                                    **BINGHAM MCCUTCHEN LLP**
                                                    150 Federal Street
                                                    Boston, MA 02110-1726
                                                    Telephone: (617) 951-8000
                                                    Facsimile: (617) 951-8925

                                                    /s/
                                                    _____
                                                    Susan Baker Manning
                                                    **BINGHAM MCCUTCHEN LLP**
                                                    1120 20th Street, NW, Suite 800
                                                    Washington, DC 20036
                                                    Telephone: (202) 778-6150
                                                    Facsimile: (202) 778-6155

                                                    /s/
                                                    _____
                                                    Barbara Olshansky
                                                    Deputy Director
                                                    **CENTER FOR CONSTITUTIONAL RIGHTS**
                                                    666 Broadway, 7th Floor
                                                    New York, NY 10012
                                                    Telephone: (212) 614-6439