IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERIF EL-MASHAD, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-0270 (JR) |
| AHMED ABDULLAH AL WAZAN, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-0329 (PLF) |
| ABDULLAH THANI FARIS <br> AL-ANAZI, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-0345 (JDB) |

| | |
|---|---|
| JAMAL AMEZIANE, *et al.*, | )<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-CV-0392 (ESH)<br>) |
| GEORGE W. BUSH,<br>President of the United States, *et al.*, | )<br>)<br>) |
| Respondents. | )<br>) |
| HISHAM SLITI, *et al.*, | )<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-CV-0429 (RJL)<br>) |
| GEORGE W. BUSH,<br>President of the United States, *et al.*, | )<br>)<br>) |
| Respondents. | )<br>) |
| M.C., *et al.*, | )<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-CV-0430 (ESH)<br>) |
| GEORGE W. BUSH,<br>President of the United States, *et al.*, | )<br>)<br>) |
| Respondents. | )<br>) |

| | |
|---|---|
| USAMA HASAN ABU KABIR, *et al.*, | )<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-CV-0431 (RJL) |
| GEORGE W. BUSH,<br>President of the United States, *et al.*, | )<br>)<br>) |
| Respondents. | ) |
| ABDUL-SALAM GAITHAN MUREEF<br>AL-SHIHRY, *et al.*, | )<br>) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-CV-0490 (PLF) |
| GEORGE W. BUSH,<br>President of the United States, *et al.*, | ) |
| Respondents. | ) |
| ABU BAKKER QASSIM, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-CV-0497 (JR) |
| GEORGE W. BUSH,<br>President of the United States, *et al.*, | ) |
| Respondents. | ) |

# RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS AND FOR CONTINUED COORDINATION

Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals and for continued coordination in the above-captioned cases.[1] Because the oppositions filed in the above-captioned cases are coordinated and substantially similar, respondents are filing this consolidated reply.

## ARGUMENT

### I. The Court Has the Authority to Grant a Stay at This Stage of the Proceedings.

Petitioners argue that a stay of proceedings at this stage of the litigation is premature and contrary to the terms of the habeas statute.[2] This is without any basis in law. There is nothing in the habeas statute that constrains the Court's broad authority to provide for an orderly schedule

---

[1] For the reasons stated herein and in respondents' motion to stay, the pending motions of various petitioners in the above-captioned cases seeking orders to show cause why writs of habeas corpus should not issue should not be granted. See El-Mashad, Al-Wazen, Al-Anazi, Al-Shihry.

[2] A number of petitioners also contend that a stay would violate their "rights" to a speedy trial pursuant to Article 10 of the Uniform Code of Military Justice ("UCMJ") and prompt review of detention pursuant to Article 103 of the Third Geneva Convention. Neither provision provides petitioners any basis for relief. The UCMJ applies to courts-martial, and does not constrain the Executive's authority to detain enemy combatants or to review of such detention. See 10 U.S.C. § 821 ("The provisions of this chapter conferring jurisdiction upon courts-martial do not deprive military commissions . . . of concurrent jurisdiction with respect to offenders or offenses that by statute or by the law of war may be tried by military commissions."). Similarly, Article 103 of the Third Geneva Convention sets forth guidelines regarding the detention of prisoners of war awaiting trial for criminal violations, which have no bearing on the Court's broad discretion to manage a habeas proceeding filed by an enemy combatant. See Geneva Convention Relative to the Treatment of Prisoners of War of Aug. 12, 1949, 6 U.S.T. 3316, Art. 103 (referring to "judicial investigations relating to a prisoner of war" and "confinement awaiting trial").

2

and otherwise manage habeas proceedings to further an efficient expenditure of litigation resources. Indeed, pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"),[3] a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243. Rule 4 provides that "the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses. Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying

---

[3] The 2254 Rules are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in these cases. See 2254 Rule 1(b) ("In applications for habeas corpus in cases not covered by subdivision (a) [involving persons in state custody], these rules may be applied at the discretion of the United States district court."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241."); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) (The 2254 Rules "apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997) ("[T]he Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases . . ."); Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996) ("Thus, while the instant Petition is brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and involves a prisoner in federal custody, the Rules Governing Section 2254 Cases may still be applied here."); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("[A]lthough [petitioner's] petition is under section 2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules."). Petitioners have presented no authority to the contrary.

§ 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail"). Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules. See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases). Thus, petitioners' claim that this Court simply does not have the authority to grant a stay of proceedings at this juncture because respondents have not yet filed a response to the petition should be rejected. See also Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

## II.     A Stay of Proceedings Is Appropriate in the Above-Captioned Cases.

Furthermore, petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from additional proceedings in these cases ignores the cascade effect that would follow from not staying the cases. Presently, there are approximately 43 habeas cases pending on behalf of approximately 130 detainees at Guantanamo Bay; more than half of those cases and petitioners were not subject to the decisions of Judges Leon and Green in Khalid., et al. v. Bush, No. 04-CV-1142 (RJL), 2005 WL 100924 (D.D.C. Jan. 19. 2005), and In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 2005 WL 195356 (D.D.C. Jan. 31, 2005). Petitioners do not dispute that the resolution of the appeals in Khalid, et al. and

4

In re Guantanamo Detainee Cases will address the core issues in these important cases and, thus, determine how these cases should proceed, if at all.[4] A decision to allow proceedings to go forward in even one case pending the resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow additional proceedings in those cases, perhaps even by lifting or modifying stays that have already been entered. This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005) (Green, J.). Indeed, any proceedings in these cases that are permitted to go forward very likely would need to be revisited or relitigated, and may be shown to have been altogether unnecessary, once the Court of Appeals provides guidance regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioners. Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens,[5] this Court should hold proceedings in the above-captioned cases in

---

[4] See Landis, 299 U.S. at 256 (noting propriety of stay in cases "of extraordinary public moment").

[5] These burdens are ones that could be severely compounded if petitioners have their way, in light of their uniform requests that factual returns for all the petitioners in these cases issue, for all intents and purposes, virtually simultaneously. See Resps' Mot. to Stay at 11-12.

5

abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.[6]

In contrast to the obvious and tangible burdens of proceeding with these while the D.C. Circuit considers the appeals in In re Guantanamo Detainee Cases, Khalid, and Hamdan v. Rumsfeld, D.C. Cir. No. 04-5393, petitioners point to nothing more than generalized, non-detainee-specific allegations, based on media accounts, regarding alleged mistreatment of detainees, in the past, at Guantanamo Bay.[7] Additionally, as explained previously, to the extent petitioners' have alleged concerns about such harm, the entry of a stay presumably would not deprive the Court of jurisdiction or discretion to modify the stay should circumstances arise truly warranting it. See Abdullah v. Bush, 05-CV-23 (RWR), Order (Mar. 16, 2005) (dkt. no. 16) ("The proceedings in this case are stayed pending resolution of the appeals pending before the

---

[6] It is not clear from petitioners' opposition briefs why petitioners claim that respondents' motion to stay "seeks to rewrite" the Protective Order applicable in prior Guantanamo detainee cases. In any event, this accusation is unfounded. As explained in respondents' motion to stay, respondents do not intend to block access of petitioners' counsel to properly represented detainees. Thus, respondents do not object to entry of the In re Guantanamo Detainee Cases Protective Order in these cases to facilitate counsel access to their clients. See Resps' Mot. to Stay at 9-12. Further, respondents have noted the propriety of entry in these cases of supplemental or associated orders previously entered by Judge Green in In re Guantanamo Detainee Cases in connection with the Protective Order. Id. at 10-11.

[7] The petitioners in El-Mashad also attempt to bolster claims of imminent harm in the form of transfer out of Guantanamo Bay to the custody of another country by citing a March 11, 2005 New York Times article, from which they derive the alarmist conclusion that respondents are about to carry out a plan to ship "hundreds" of Guantanamo detainees to prisons in Saudi Arabia, Afghanistan, and Yemen. El-Mashad Opp. to Stay at 11. The plain fact, however, contrary to the media report, is that no such plan exists. See Second Declaration of Matthew C. Waxman, originally filed in Abdah v. Bush, No. 04-CV-1254 (HHK), ¶¶ 3-4 (attached hereto as Exhibit D). The El-Mashad petitioners' associated request for advance notice of any future transfer, El-Mashad Opp. to Stay at 18, is addressed in respondents' opposition to the pending motion for preliminary injunction in that case.

6

United States Court of Appeals for the District of Columbia, in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances . . . .").

Petitioners also incorrectly claim that the balance of harms falls in their favor because there is only the "possibility" that the Court of Appeals will reverse Judge Green's decision or Judge Robertson's decision in Hamdan, 344 F. Supp. 2d 152 (D.D.C. 2004). Petitioners, however, wholly ignore the fact that Judge Leon granted respondents' motion to dismiss in Khalid; thus, as Judge Kessler concluded in her order staying proceedings in Al-Marri, No. 04-CV-2035 (GK) (dkt no. 26), "the law in this Circuit is unsettled." In light of this division, any claim that Judge Green's decision is not likely to be reversed or affected by the Court of Appeals is speculative. More importantly, it simply makes no sense to proceed with litigation regarding the alleged rights of petitioners in question when the law governing any such rights is presently in dispute and will be resolved by the Court of Appeals on an expedited basis. Because of this unique procedural posture, every Judge of this Court who has addressed the issue has granted a stay of proceedings in these cases. See Mustapha, No. 05-CV-22 (JR (dkt. No. 7); Deghayes, No. 04-CV-2215 (RMC) (dkt. no. 7); Al Marri, No. 04-CV-2035 (GK) (dkt. no. 26); Abdullah, 05-CV-23 (RWR) (dkt. no. 16). To ensure continued coordination of all the Guantanamo detainee habeas cases, proceedings in the above-captioned cases should be stayed as well.

## CONCLUSION

For the reasons stated in respondents' motion to stay proceedings pending related appeals and for continued coordination, and in this supporting reply memorandum, this Court should stay

7

further proceedings in these cases pending the appeals of Judge Leon's decision in <u>Khalid, et al.</u> and Judge Green's January 31, 2005 decision in <u>In re Guantanamo Detainee Cases</u>.

Dated: March 22, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DAVID B. SALMONS
Assistant to the Solicitor General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

Attorneys for Respondents