# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABU BAKKER QASSIM and A'DEL ABDU AL-HAKIM, <br><br>    Detainees, <br>    Guantánamo Bay Naval Station, <br>    Guantánamo Bay, Cuba; <br><br>    Petitioners/Plaintiffs, <br><br>v. <br><br>GEORGE W. BUSH, et al., <br><br>    Respondents/Defendants. | Case No. 05-0497 (JR) <br><br>**PETITIONERS' SURREPLY TO RESPONDENTS' MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS AND FOR CONTINUED COORDINATION** |

      The Court should reject Respondents' argument that the Rules Governing § 2254 Cases (the "2254 Rules") allow Respondents to evade indefinitely the merits of this § 2241 case. The 2254 Rules do not trump the plain language of the habeas statute, nor do they contemplate the indefinite delay the Respondents seek. Moreover, Respondents' purported concern for judicial resources is hard to reconcile with their litigation strategy in this and other cases.

      There is one additional consideration that may be unique to these habeas corpus petitioners. There is substantial suggestion that these Petitioners may be part of a group of detainees *that the United States has itself concluded pose no threat*. The Government must, at a minimum, be required to state in plain terms whether it still contends that the detainees are "enemy combatants" who pose a threat to the security of the United States.

## ARGUMENT

### I.    The 2254 Rules Do Not Trump the Time Limit Established By § 2243.

      Section 2243 provides in plain terms that return shall be made "within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

Nonetheless, the respondents contend that Rule 4 of the 2254 Rules trumps § 2243 and instead merely requires them to respond within any "period of time fixed by the court." In the Respondents' view, this entitles them to an indefinite stay of the Petitioners' case until appeals of conflicting decisions of this District run their course.

Respondents' reliance on Rule 4 is misplaced. The 2254 Rules "govern the procedure in the United States district courts on applications under 28 U.S.C. § 2254." 2254 Rules, Rule 1(a). In habeas cases not brought under § 2254, the 2254 Rules "*may* be applied at the discretion of the United States district court." *Id.* Rule 1(b) (emphasis supplied). For several reasons, abrogating the unambiguous directive of § 2243 in favor of the 2254 Rules would not be a sound exercise of discretion.

Respondents ignore the premise of § 2254, which is to provide habeas relief to "a person in custody pursuant to the *judgment* of a *State* court." 28 U.S.C. § 2254 (emphasis supplied). A § 2254 case necessarily entails a challenge brought after the petitioner has already received some form of legal process. Here, Petitioners are believed to have been held for more than three years without being afforded any legal process by which to challenge their detention.[1] The cases Respondents cite in which courts applied the 2254 Rules to § 2241 cases involve petitioners in custody pursuant to a prior judgment and conviction. *See Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001); *Kramer v. Jenkins*, 108 F.R.D. 429 (N.D. Ill. 1985) (naming Parole Commission as a respondent). The cases do not apply here.

A § 2254 challenge also requires a federal court to pass judgment on the rulings of a duly-constituted State court. The statute builds in a level of deference to the judiciary of the States that simply does not apply to extra-judicial detention by the executive branch. This distinction is evident from a comparison of § 2254 and § 2243. The former provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment

---

[1] There is no record as to whether the Petitioners have appeared before the so-called Combatant Status Review Tribunal, but that tribunal clearly is not a judicial process, and its infirmities as a surrogate for a court were shown in embarrassing relief by Judge Green in *In re Guantánamo Detention Cases*. See, e.g., pp 45-68 of Judge Green's January 31, 2005, Memorandum Opinion Denying in Part and Granting in Part Respondents' Motion to Dismiss or for Judgment as a Matter of Law (Unclassified Version for Public Release).

of a State court *shall not be granted unless*" the petitioner demonstrates the absence of state remedies and the unlawfulness of his detention. 28 U.S.C. § 2254(b) and (d) (emphasis supplied). By contrast, § 2243 mandates that "a court . . . entertaining an application for a writ of habeas corpus *shall forthwith award the writ* or issue an order directing the respondent to show cause why the writ should not be granted . . . ." 28 U.S.C. § 2243 (emphasis supplied).

Cases proceeding under Section 2254 and the 2254 Rules differ from this case in another crucial respect. Unlike § 2243, which mandates a return within no more than twenty days of the issuance of an order to show cause, § 2254 sets no timetable for addressing a petitioner's claims. Thus, the 2254 Rules operate to fill that gap by providing that the respondent shall answer within the time fixed by the Court. There is no gap in the unambiguous language of § 2243, and no reason to turn to Rule 4 of the 2254 Rules for guidance.

Lastly, the 2254 Rules by definition govern *procedural* matters. 2254 Rules, Rule 1(a); *see also* 28 U.S.C. § 2072 (Supreme Court may "prescribe general rules of practice and procedure . . . . Such rules shall not abridge . . . any substantive right"). Thus they provide guidance concerning the form of the petition (Rule 2), the filing and service of the petition (Rule 3), form and content of the answer (Rule 5), discovery (Rule 6), the taking of evidence (Rule 8), and such matters. Similarly, Rule 4 provides procedural guidance for the timing of an answer under § 2254, which sets no timetable. Section 2243 is anything but procedural. It addresses the *substantive* harm of detention itself: a harm that is measured, in part, in time. The statute provides that the writ shall issue unless the respondent can demonstrate why it should not. In other words, it presumes unlawful detention. Requiring the respondent to answer within twenty days is not a mere procedural timing matter. It is a recognition that the petitioner is presumed to be unlawfully detained and should remain so no longer than necessary to permit the respondent to show cause why not. Rule 4 of the 2254 Rules cannot be read to undo that presumption.

Respondents' contention that Rule 4 overrides § 2243 here is untenable, and cannot justify the indefinite stay Respondents seek.

## II. Respondents' Professed Concerns About Judicial Resources Are Disingenuous and Unwarranted.

Respondents' solicitude for judicial resources is hard to square with their conduct to date. These are the same Respondents who vigorously oppose temporary restraining orders (in related habeas cases) where the thing to be restrained — transfer of a petitioner away from Guantánamo — is something Respondents say is not going to happen anyway. These Respondents actively prosecute interlocutory appeals. Where it suits them, Respondents are not shy to make a claim on judicial resources.

We do not pretend to shyness either, but only because the Petitioners' harm is real and powerful, the remedy is statutory, and the judiciary is our only refuge. Requiring Respondents to make a return demonstrating why Petitioners should not be released will not unduly burden the Court or the government.

## III. Entering a Stay Here Would Be Particularly Unjust Where Petitioners May Be Part of A Group of Detainees Respondents Deem not to Be a Threat.

This case presents an excruciating question: does the United States even believe these Petitioners are a threat to its security?

Petitioners are believed to be ethnic Uighurs, part of a group that hales from an ethnically-Muslim Asian region under the control of China. Recent news reports[2] have quoted Government sources advising that many of the Uighurs at Guantánamo have no intelligence value, pose no threat, and *should be released.* Undersigned counsel have asked the Government's counsel to confirm or deny that they regard Petitioners as a threat to the security of the United States. The Government has not responded.

Respondents at least should be required to state in plain terms whether Petitioners fall into this subset of persons whom it does not contend to be harmful to national security. The government's pursuit of a stay now would be particularly unjust were the Court to find after long delay that even the government in fact did not deem Petitioners to pose a threat.

---

[2] The Government has not permitted counsel to interview the Petitioners or otherwise afforded us access to relevant information. We are regrettably constrained to rely on third-party sources of information.

## **CONCLUSION**

For the all foregoing reasons and all those set forth in their opposition to motion for stay, Petitioners respectfully request that the Court deny Respondents' Motion to Stay.

Dated: March 29, 2005        /s/

        Sabin Willett
        Neil McGaraghan
        Jason S. Pinney
        Daniel Hunter Kiel
        **BINGHAM MCCUTCHEN LLP**
        150 Federal Street
        Boston, MA 02110-1726
        Telephone:    (617) 951-8000
        Facsimile:    (617) 951-8925

        /s/

        Susan Baker Manning
        **BINGHAM MCCUTCHEN LLP**
        1120 20th Street, NW, Suite 800
        Washington, DC 20036
        Telephone:    (202) 778-6150
        Facsimile:    (202) 778-6155

        /s/

        Barbara Olshansky
        Deputy Director
        **CENTER FOR CONSTITUTIONAL RIGHTS**
        666 Broadway, 7th Floor
        New York, NY 10012
        Telephone:    (212) 614-6439