## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ABU BAKKER QASSIM and A'DEL ABDU AL-HAKIM,

    Petitioners/Plaintiffs,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-0497 (JR)

### MOTION FOR (i) MODIFICATION OF ORDER HOLDING MOTION FOR PROTECTIVE ORDER IN ABEYANCE AND (ii) ENTRY, SUBJECT TO STAY, OF ORDER TO SHOW CAUSE

1.    By this motion, Petitioners seek limited relief from the stay imposed by this Court, for the purpose of conforming the procedural posture of this case to that of the other Guantánamo habeas petitions pending before this Court. We submit that the Court should (i) enter the protective order to which all parties have agreed, and (ii) grant an order to show cause (which we understand will then be stayed). In such a posture, these cases would conform to the Court's handling of the petitions in *el-Mashad, et al. v. Bush, et al.* (Civ. No. 05-0270-JR) (order granting Petitioners' motion for order to show cause and also granting Respondents' motion for stay), and *Aziz, et al. v. Bush, et al.* (Civ. No. 05-0492-JR) (same); *see also Al-Ananzi, et al. v. Bush, et al.* (Civ. No. 05-0345-JDB) (same); *Tumani, et al. v. Bush, et al.* (Civ. No. 05-0526-RMU) (order granting Petitioners' motion for order to show cause after order granting Respondents' motion for stay had been entered).

2.    On March 16, 2005, Petitioners filed a request (the "March 16 Request") for, *inter alia*, entry of a protective order that would protect legitimate security concerns raised by Respondents. This requested protective order was the same as the order entered by Judge Green

in *In re Guantanamo Detainee Cases* on November 5, 2004. Judge Green entered an amended version of the protective order in *In re Guantanamo Detainee Cases* on November 8, 2004 (the "November 8 Order") (Exhibit A hereto).

3. Petitioners and Respondents have both agreed to entry of the November 8 Order in this case.[1] *See* Respondent's Opposition to Motion for Rule 16 Conference at 1 n.1 and Petitioner's Reply at 6.

4. On April 13, 2005, the Court issued an Order (the "April 13 Order") ruling, *inter alia*, that Petitioners' motion for protective order be held in abeyance.

5. The March 16 Request also sought, by way of a Rule 16 conference, to establish a timetable for the Respondents' production of factual returns. March 16 Request at 3. The Court's April 13 Order noted that the previously scheduled Rule 16 conference has been taken off the Court's calendar. April 13 Order at 1. The April 13 Order did not specifically address the Petitioners' request that the Respondents be ordered to make factual returns, but did, however, grant the Respondents' motion for a stay. *Id.* Thus, the case is stayed, with no pending order to show cause that would become effective when and if the stay is lifted.

**Entry of Protective Order**

6. Petitioners request that the Court modify its April 13 Order in two ways.

7. First, Petitioners request that the Court enter the November 8 Order in this case (Exhibit A hereto).

8. This relief is urgently needed because, without it, the Government will not permit counsel to meet their clients. The Government refuses to permit counsel to visit Petitioners or to have any privileged communications with them at all until the November 8 Order is entered. E-

---

[1] Petitioners attempted to reaffirm Respondents' assent to entry of the November 8 Order on two occasions prior to this filing (April 26, 2005, and April 28, 2005, via e-mail). To date, no reply has been received.

Mail from Respondents to Petitioners (Mar. 30, 2005) ("Until the November 8, 2004 Amended Protective Order is entered by the Court, legal mail and counsel visits cannot begin.") (Exhibit B hereto). Respondents have previously indicated their assent to entry of the November 8 Order. *See* Respondents' Opposition to Petitioners' Request for Procedural Relief at 1 n.1 ("Respondents do not intend to block counsel access to properly represented prisoners. To that end, respondents do not object to entry of the Court's November 8, 2004 Amended Protective Order.").

9. Accordingly, in order to enable Petitioners to communicate with counsel, and to "prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by…[P]etitioners and/or [P]etitioners' counsel" in this case, *see* November 8 Order at 1, Petitioners respectfully request that the Court modify its April 13 Order by entering the November 8 Order.

**Request for Order to Show Cause**

10. Second, Petitioners request that the Court enter an order to show cause why the writ of habeas corpus should not issue. This relief has been granted in other stayed cases. *See, e.g., el-Mashad v. Bush; Aziz, et al. v. Bush; Al-Ananzi, et al. v. Bush, et al.; Tumani, et al. v. Bush, et al.* In light of the Court's Order granting Respondents' Motion for a Stay, an order to show cause would conform this case with the Court's other Guantánamo detainee cases.

11. We understand that, in conformity with the rulings in *el-Mashad*, *Aziz*, *Al-Ananzi*, and *Tumani*, compliance with the order to show cause would then be stayed.[2] This relief is

---

[2] We note that in similar cases pending in this district the court has ordered the Government to make return, and the Government has demonstrated that it can swiftly and easily comply with this directive. *See, e.g., Errachidi, et al. v. Bush, et al.* (government made factual returns in three business days pursuant to order to show cause). The Government has now advised, in a brief filed this week in the Circuit Court of Appeals, that it has completed the so-called Combatant Status Review Tribunals for all detainees. Thus it is in a position to provide, at a minimum, the materials from CSRT review. The Government would suffer little, if any, prejudice in producing this material.

nevertheless important for consistency, and so that the Government will promptly make returns in this matter when, as we expect to happen, the stay is ultimately lifted.

12. Petitioners are believed to have been detained at Guantánamo for more than three years.

13. On March 10, 2005, Petitioners filed a Petition for Writs of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. Pursuant to the habeas corpus statute, 28 U.S.C. § 2243, "a court…entertaining an application for writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." The Supreme Court unequivocally directed that the District Courts hear the merits of petitions brought under the habeas corpus statute in Guantánamo detainee cases such as this one. *Rasul v. Bush*, 542 U.S. ___, 124 S. Ct. 2686, 2698-99 (2004).

14. Should the appeals be resolved in favor of the Guantánamo petitioners, relief should be as swift as possible and not subject to additional delays.

**WHEREFORE**, Petitioners request that the Court:

1. Enter of the November 8 Order as agreed by the Parties;

2. Order the Respondents to show cause why the writ of habeas corpus should not enter; and

3. Grant such other and further relief as is reasonable and just.

| Dated: April 29, 2005 | /s/ |
|---|---|

Sabin Willett
Neil McGaraghan
Jason S. Pinney
Daniel Hunter Kiel
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000
Facsimile: (617) 951-8925

/s/

Susan Baker Manning
**BINGHAM McCUTCHEN LLP**
1120 20th Street, NW, Suite 800
Washington, DC 20036
Telephone: (202) 778-6150
Facsimile: (202) 778-6155

/s/

Barbara Olshansky
Deputy Director
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439