## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ABU BAKKER QASSIM, *et al*.,

    Petitioners/Plaintiffs,

v.

GEORGE W. BUSH, *et al*.,

    Respondents/Defendants.

Case No. 05 cv 0497 (JR)

**(Hearing Requested)**

### PETITIONERS' MOTION TO GRANT THEM ACCESS TO REPRESENTATIVES OF THE UNITED NATIONS COMMISSION ON HUMAN RIGHTS

Conceded non-combatants, petitioners Abu Bakker Qassim and A'Del Abdul Hakim ("Petitioners") submit this Motion to Grant them Access to Representatives of the United Nations Commission on Human Rights ("UNCHR"). As laid out below, representatives of the UNCHR have asked to meet with Petitioners at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo"), or in an alternative location such as Washington, D.C., with a view to conducting "due diligence" that could help with a potential resettlement. Petitioners have sought Government approval for such a visit. The Government has failed to respond to Counsels' request to arrange such a meeting.

In support of this Motion, Petitioners state the following:

**Invitation and Acceptance**

    1.    On November 2, 2005, undersigned counsel ("Counsel") invited Professor Leila Zerrougui to meet with Petitioners at Guantánamo, subject to Government approval. Professor Zerrougui is a Professor at the National Judicial Institute in El Biar, Algeria, and a member of the UNCHR. She serves as a Special Rapporteur for the United Nations on the topic of arbitrary

detention. Her interview of Petitioners would hopefully be a "gating event" to more active United Nation's assistance with Petitioners' resettlement. Counsel hoped to arrange a meeting between Petitioners and the UNCHR on November 16, 2005, during Counsel's prescheduled visit to the Naval Station.

2. On November 6, 2005, Professor Zerrougui accepted our invitation to seek the necessary authorization for a meeting with Petitioners. She noted, however, that the Government has thus far refused to allow United Nations representatives to meet with individual detainees at Guantánamo.

3. On November 7, 2005, Counsel requested that the Government permit Professor Zerrougui and other representatives of the UNCHR to visit with Petitioners at Guantánamo on November 16, 2005. The Government has not responded to this request.

**Government Willingness to Allow the United Nations Access to the Base**

4. The Government has already authorized Professor Zerrougui to visit Guantánamo. *See* Sean McCormack**,** United States Department of State, Daily Press Briefing (Oct. 28, 2005) *at* http://www.state.gov/r/pa/prs/dpb/2005/55763.htm ("The Department of Defense has extended an invitation to the United Nations Special Rapporteurs to visit detention facilities at Guantanamo Bay Naval Station, Cuba. The invitation was extended in an effort to broaden the understanding of the U.S. detention operations and to demonstrate that detainees at Guantanamo are treated humanely."). Thus, access to the Naval Station by the United Nations does not appear to be an obstacle. So far as we are aware, however, the Government has not authorized representatives to meet with actual detainees. Such meetings are necessary to assist the United Nations in its diplomatic efforts.

**Petitioners Non Enemy Combatant Status**

5. As the Government acknowledged before the Court more than three months ago, Petitioners are among a small, unique class of Guantánamo prisoners: thirty-eight detainees who have been found not to be "enemy combatants." *See* Interview with Gordon England, Secretary of the Navy, in Washington, D.C. (Mar. 29, 2005) *at* http://www.defenselink.mil/transcripts/2005/tr20050329-2382.html ("Of the 558 [Combatant Status Review Tribunal ("CSRT")] hearings conducted, the enemy combatant status of 520 detainees was confirmed. The tribunals also concluded that 38 detainees were found to no longer meet the criteria to be designated as enemy combatants. So 520 enemy combatants, 38 non-enemy- combatants."). This means that the Government has no legal authority to detain Petitioners, and that they should have been freed months, if not years, ago.

6. Nevertheless, the Government has asserted its authority before this Court to detain Petitioners indefinitely, or for "as long as it takes." *See* Tr. of Status Conference before the Hon. James Robertson on Emergency Mot. to Vacate Stay and Issue Writ Directing Immediate Release of Pet'rs at 18 (Aug. 25, 2005) ("Transcript") ("So I think our position would be that we can continue to hold them in Camp Iguana or something like it *as long as it takes*.") (emphasis added). In accordance with this policy, Petitioners will soon complete their fourth year of imprisonment despite the fact that they have never been enemy combatants, have never been charged with a crime and that the Government has never established why they should be detained at all, much less detained indefinitely.

7. The Government claims that it continues to detain Petitioners because it has been unable to locate a country willing to accept them. *See* Interview with Pierre-Richard Prosper, United States Ambassador at Large for War Crimes, in Washington, D.C., at 1-2 (Aug. 25,

2005).  In fact, the Government claims it has approached twenty-five countries in hopes of resettling Petitioners.  *See id*.

8. No one disputes that the Petitioners should ultimately be released.  In light of the Government's failure to resettle Petitioners, however, it should not be permitted to block efforts that might yield success through the assistance of the United Nations.  If the Government is unwilling to consent to in-person visits by United Nations representatives, then it ought to be required to transport the Petitioners to Washington, D.C., where such visits could also take place.  *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

9. We do not rest this motion on, and the Court need not consider any question of, the judicial power of the Court to order the Government to afford United Nations representatives access to the base, or to afford generally to Guantánamo detainees access to the United Nations.  What we say in this unusual case is much simpler.  With no lawful basis to imprison, the Government should not be permitted to continue that imprisonment in a way that interferes with legitimate diplomatic efforts to secure Petitioners' release.

10. We submit this motion without limitation of our pending request that the Government "produce the body" in Washington, D.C.

**WHEREFORE**, Petitioners request that, if the Government does not consent to immediate UNCHR visits with the Petitioners at Guantánamo, the Court order that the Petitioners forthwith be brought to the Court, and there permitted to meet with representatives of the UNCHR, and that the Court grant to the Petitioners such other and further relief as may be just and proper.

Dated: November 15, 2005                             /s/
Sabin Willett
Neil G. McGaraghan
Jason S. Pinney
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
Telephone:   (617) 951-8000
Facsimile:   (617) 951-8925

Susan Baker Manning
**BINGHAM MCCUTCHEN LLP**
1120 20th Street NW, Suite 800
Washington, D.C. 20036
Telephone:   (202) 778-6150
Facsimile:   (202) 778-6155

Barbara Olshansky
Deputy Director
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Telephone:   (212) 614-6439